**UNITED STATES of America,**
Appellee,

v.

**John Henry SMITH, Jr., Appellant.**

No. 11989.

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1968.

Decided June 20, 1968.

George L. Freeman, Jr., Fairfax, Va. (Court-appointed counsel), for appellant.

C. V. Spratley, Jr., Norfolk, Va. (John D. Schmidtlein, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

John Henry Smith, Jr., challenges the jurisdiction of the United States District Court for the Eastern District of Virginia to try him for assaulting a guard at the District of Columbia Department of Corrections Youth Center at Lorton, Virginia. While the United States has territoral jurisdiction over lands on which the District of Columbia's main reformatory at Lorton is erected, it has not formally accepted, as required by 40 U.S.C. § 255, jurisdiction over the tract where the Youth Center is located. The law Smith violated punishes an assault upon an employee of the District of Columbia correctional institution who is engaged in his official duties whether the institution "is located within the District of Columbia or elsewhere * * *."[1] Under this statute it is not essential for the government to show that the United States had jurisdiction over the territory where the offense occurred. It is sufficient to show that the person assaulted was an employee of a correctional institution established by the District of Columbia and that he was engaged in his official duties at the time of the assault. Contrary to the assertion of the defendant, Congress had ample power to enact this legislation. U.S. Const., art. I, § 8, cl. 17; O'Donoghue v. United States, 289 U.S. 516, 538, 53 S.Ct. 740, 77 L.Ed. 1356 (1933); Winkler v.

---

1. Title 22, D.C.Code § 505. Officers and employees of the United States are protected while engaged in the performance of their official duties by a comparable statute whether or not they are on property over which the United States has territorial jurisdiction. 18 U.S.C. § 1114.

Daniels, 43 F.Supp. 265, 267 (E.D.Va. 1942).

The prosecution was properly brought in the Eastern District of Virginia where the crime was committed. U. S. Const., art. III, § 2, cl. 3; U. S. Const. Amend. VI; 18 U.S.C. § 3231; Fed. R. Crim. P. 18.

Affirmed.