

James M. Johnstone, Washington, D. C., with whom Theodore A. Shmanda, Washington, D. C., was on brief, for appellant.

Ann S. DuRoss, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty. at the time brief was filed, John A. Terry and Joseph F. McSorley, Asst. U. S. Attys., were on brief, for appellee.

**Virginia HUBBELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5993.**

District of Columbia Court of Appeals.

Argued Dec. 22, 1971.

Decided April 17, 1972.

Before NEBEKER, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge.

By this appeal appellant questions the jurisdiction of the Superior Court to enforce Section 50.19 of Title 36, Chapter 1, Part 50 of the Code of Federal Regulations [1] entitled "National Capital Parks Regulations". Virginia Hubbell, the appellant, was convicted and sentenced to pay a fine of $100 on a charge of assembling and demonstrating in Lafayette Park "without submitting a Notice of Proposed Demonstration 15 days prior to such assembly and

1. Revised as of January 1, 1971.

demonstration in violation of 36 C.F.R. § 50.19 as modified . . . ."[2]

The gist of appellant's argument is that the jurisdiction of the Superior Court in criminal cases is limited to laws that are applicable exclusively to the District of Columbia by virtue of D.C.Code 1967, § 11–923(b) (1) (Supp. IV, 1971),[3] and that 36 C.F.R. § 50.19 is not so restricted in its application. We find appellant's contention to be valid.

Prior to 1971, D.C.Code 1967, § 11–963(a) provided that the Court of General Sessions had original jurisdiction concurrently with the United States District Court of: (1) offenses committed in the District for which the punishment is by fine only or by imprisonment for one year or less and (2) offenses against municipal ordinances or regulations in force in the District. Title 36 C.F.R. § 50.6 "Place of trial", was compatible with that part of the Code and provided that any person violating any of the regulations in this part (referring to the entirety of the section entitled "Part 50") in park areas within the District of Columbia is subject to prosecution and trial in the Municipal Court[4] for the District of Columbia.

If one reads 36 C.F.R. § 50.6 "Place of trial," revised January 1, 1971, in conjunction with D.C.Code 1967, § 11–963(a), it is obvious that prior to court reorganization in the District of Columbia Congress intended the Court of General Sessions to have jurisdiction over offenses committed in violation of the National Capital Parks Regulations where the sentence involved

either a fine or imprisonment of less than one year. *See, e. g.,* District of Columbia v. Solomon, D.C.App., 275 A.2d 204 (1971).

However, on February 1, 1971, by virtue of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. 91–358, the Superior Court replaced the Court of General Sessions and substantial changes were made regarding criminal jurisdiction. Title 11 of the 1967 D.C.Code entitled "Organization and Jurisdiction of the Courts", was amended so that criminal jurisdiction now vests in the Superior Court pursuant to Pub.L. 91–358, § 111 (§ 11–923), 84 Stat. 473, 486 [D.C.Code 1967, § 11–923 (Supp. IV, 1971) ]. Section 11–923(b) (1) specifically provides that "the Superior Court has jurisdiction of any criminal case under any law applicable *exclusively* to the District of Columbia." (Emphasis supplied.)

Since the Court Reform Act was passed after the most recent revision of the pertinent National Capital Parks Regulation, we must presume that Congress intended that the Superior Court would lack jurisdiction to try an offender charged with violating an existing National Capital Parks Regulation that was not applicable *exclusively* to the District of Columbia.

Section 50.1 of Title 36, C.F.R. seems to be quite clear in defining the geographical area that the regulations are intended to include. It provides:

This part applies to all park areas administered by National Capital Parks, National Park Service, in the District of

---

2. Section 50.19 was modified in accordance with the order of the United States District Court for the District of Columbia entered April 6, 1970, in A Quaker Action Group v. Hickel (C.A. No. 688–69) by requiring that 15 days' notice be given the General Superintendent, National Capital Parks, National Park Service, of any proposed demonstration; and further modified as to the form of the "Notice of Proposed Demonstration in Park Area(s)" by the order of the United States Court of Appeals for the District

of Columbia entered October 1, 1970, in A Quaker Action Group v. Hickel (No. 24,312).

3. D.C.Code 1967, § 11–923(b) (1) (Supp. IV, 1971) in pertinent part states: ". . . the Superior Court has jurisdiction of any criminal case under any law applicable exclusively to the District of Columbia."

4. Later known as the Court of General Sessions and since February 1, 1971, as the Superior Court.

Columbia, Maryland and Virginia, and to other Federal reservations in the environs of the District of Columbia, policed with the approval or concurrence of the head of the agency having jurisdiction or control over such reservations, pursuant to the provisions of the act of March 17, 1948 (62 Stat. 81).

The general format of the regulations is that they apply in their entirety to all three jurisdictions *except* where specific references are made to the individual jurisdiction. Where these restrictions occur, they are clearly spelled out but they do not restrict the application of section 50.19.

Nevertheless, it is the Government's contention that section 50.19 "Public gatherings," which is the subject of this appeal, is exclusively applicable to the District of Columbia. While there are certain references in this section to areas in the District of Columbia, by no means is its total application so limited. The provisions of section 50.19 must be construed to apply generally to all three jurisdictions. There are no other references in "Part 50" to public gatherings which would apply to national parks in Maryland and Virginia in the event section 50.19 was deemed to apply exclusively to the District of Columbia.

We are compelled to conclude that section 50.19 is not applicable exclusively to the District of Columbia. Consequently, the Superior Court could not have jurisdiction over an alleged violation of that regulation. Accordingly, appellant's conviction must be set aside for lack of jurisdiction.[5]

This does not mean necessarily that the Government is without remedy. Since the offense charged was against a federal regulation and committed on federal land located in the District of Columbia the United States District Court for the District of Columbia would appear to be the court of

proper jurisdiction,[6] but that issue is not for us to resolve.

Reversed with instructions to dismiss the information.

---

5. In view of this disposition, we do not reach other contentions raised by appellant.

6. *See also* 36 C.F.R. § 50.6.