**Larry A. RIVERS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8313.**

District of Columbia Court of Appeals.

Argued Dec. 10, 1974.

Decided March 19, 1975.

Charles F. Barker, Washington, D. C., appointed by this court, for appellant.

Donald E. Robinson, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry and Douglas M. Jackson, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted in the Superior Court of the District of Columbia of prison breach in violation of D.C.Code 1973, § 22–2601. The principal contention on appeal is that the trial court lacked jurisdiction. Rivers argues that we must construe the prison breach statute as applying outside (as well as within) the District of Columbia. Relying on such a construction, appellant urges us to conclude that the Superior Court has no jurisdiction over cases of prison breach charged under the D.C. Code since the Superior Court's criminal jurisdiction encompasses cases under laws "applicable exclusively to the District of Columbia." D.C.Code 1973, § 11–923(b)(1). We conclude that § 22–2601 applies only to

prison breaches which occur within the District of Columbia. The Superior Court accordingly did have jurisdiction, and the judgment of conviction is affirmed.

## I

There is no dispute as to the facts. It was stipulated that Rivers, while serving a Youth Corrections Act[1] sentence for petit larceny,[2] failed to return to a halfway house in the District of Columbia on July 4, 1973. He remained away without permission until he was arrested on December 12, 1973. He then was indicted for prison breach in violation of § 22–2601. The trial court denied his motion to dismiss the indictment for lack of jurisdiction, and he was found guilty.

## II

■ Appellant is correct in stating that the Superior Court's criminal jurisdiction is limited to cases which arise under laws "applicable exclusively to the District of Columbia." D.C.Code 1973, § 11–923(b)(1); see Hubbell v. United States, D.C.App., 289 A.2d 879, 880–81 (1972); United States v. Perez, 488 F.2d 1057, 1058 (4th Cir. 1974). However, Rivers errs in contending that the District's prison breach statute must be construed as having extra-territorial effect.

■ Section 22–2601 of the D.C.Code provides:

Any person *committed to* a penal institution of the District of Columbia who escapes or attempts to escape therefrom, *or from the custody of any officer thereof or any other officer or employee of the District of Columbia,* or any person who procures, advises, connives at, aids, or assists in such escape, or conceals any such prisoner after such escape, shall be guilty of an offense and upon conviction thereof shall be punished by imprisonment for not more than five years, said

sentence to begin, if the convicted person be an escaped prisoner, upon the expiration of the original sentence. (Emphasis added.)

Appellant contends that the statute should be read to encompass escapes from District of Columbia prison employees which might occur outside the District— particularly from the Lorton Reformatory complex in Virginia. Such a construction would be contrary to the provision's legislative history and would lead to an absurd result. It thus must be rejected. See United States v. Sisson, 399 U.S. 267, 297–99, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); Wright v. United States, D.C.App. 315 A.2d 839, 841 (1974); Lange v. United States, 143 U.S.App.D.C. 305, 307–08, 443 F.2d 720, 722–23 (1971).

The italicized portions of § 22–2601 set forth above were added to the statute in 1940. The words "committed to" were substituted for "confined in"; the language concerning escapes from District of Columbia officers and employees was new. The House and Senate Committee reports which accompanied the amendment show that it was not intended to extend the statute's application beyond the District of Columbia. Rather, the amendment was enacted *to overrule prior case law by making* the statute clearly applicable to escapes which occur within the city, but outside the walls of an actual penal institution. Both the House and Senate Committee reports contain the following language:

Section 8 of the existing Indeterminate Sentence Act [which, as modified, later became D.C.Code 1973, § 22–2601] imposes a penalty for the escape of any prisoner confined in a penal institution in the District of Columbia. This section was *construed by the District Court* of the United States for the District of Columbia as not covering the case of a prisoner escaping from the custody of an officer of the District of Columbia penal

---

1. 18 U.S.C. § 5005 et seq. (1970).

2. D.C.Code 1973, § 22–2202.

institutions where the escape took place outside of the institution's boundaries. It is proposed to amend this section so as to include within its provisions anyone who escapes from the custody of any officer of a District of Columbia penal institution. [S.Rep.No.1607, 76th Cong., 3d Sess. 2–3 (1940); H.R.Rep.No.1994, 76th Cong., 3d Sess. 3 (1940).]

The congressional reports describe the previously existing statute as applying exclusively to the escapes of prisoners "confined in a penal institution in the District of Columbia", reflecting the belief of Congress that the prior statute had effect only inside the District. There is no indication in the reports that the addition relating to District of Columbia officers and employees was meant to broaden the geographic ambit of the statute. We may assume that in amending § 22–2601 Congress legislated with care, and that if such an important change had been intended, Congress would have said so expressly. *See* Palmore v. United States, 411 U.S. 389, 395, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

Pursuant to the 1940 revision, § 22–2601 had read:

Any person committed to a penal institution of the District of Columbia who escapes . . . shall be guilty of an offense and upon conviction thereof in any court of the United States shall be punished . . . . [Act of June 6, 1940, ch. 254, § 6(a), 54 Stat. 243–44.]

In 1970, Congress again amended § 22–2601 as part of the general reorganization of the District of Columbia's judicial system.[3] The phrase "in any court of the United States" was deleted.[4] That change was one of numerous conforming amendments enacted to transfer jurisdiction over local criminal matters from the purely federal court system to the new District of Columbia courts.[5] The amendment necessarily implies that § 22–2601 does not apply outside of the District, since extraterritorial application would negate Congress' transfer of jurisdiction over § 22–2601 offenses to the local courts.

An additional reason for construing the statute narrowly is to avoid an absurd result. As was true in Wright v. United States, *supra*, 315 A.2d at 841: "Though it may occasionally happen that because of legislative oversight a statute fairly leaves no room for construction to avoid such a result, we think this is not the situation here." If we were to adopt the construction urged by appellant, then the court Congress intended to try all local criminal offenses could not try prisoners accused of escaping within the District of Columbia from District of Columbia penal institutions and employees. Such a situation indeed would be absurd, as a more "local" offense scarcely could be imagined.

Appellant's reliance on Hubbell v. United States, *supra*, and United States v. Perez, *supra*, is misplaced. In *Hubbell*, we held that the Superior Court lacked jurisdiction over violations of a federal park regulation which was applicable in Virginia and Maryland as well as in the District.[6] 289 A.2d at 880–81. In *Perez*, the Fourth Cir-

3. *See* District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473 (codified in scattered sections of D.C.Code 1973).

4. District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, § 157(b), 84 Stat. 574; *see* Conference Rep. No. 91–1303, 91st Cong., 2d Sess. 115 (1970).

5. *See generally* Senate Comm. on the District of Columbia, Reorganizing the Courts of the District of Columbia, and for Other Purposes. S.Rep.No.91–405, 91st Cong. 1st Sess. 1–5 (1969); House Comm. on the District of Columbia, District of Columbia Court Reform and Criminal Procedure Act of 1970, H.R.Rep.No.91–907, 91st Cong., 2d Sess. 23, 33 (1970).

6. 36 C.F.R. § 50.19 (1974). The regulation was modified slightly after the incident which gave rise to *Hubbell* but before the *Hubbell* decision. *See* Hubbell v. United States, *supra* 289 A.2d at 879–80 & n. 2.

cuit held that a United States District Court in Virginia had jurisdiction to try a case involving an assault on a District of Columbia correctional officer, where the defendant was charged under a D.C.Code provision which was applicable outside the District.[7] 488 F.2d at 1058–60. In *Hubbell* and *Perez*, the language of the provisions involved made it clear that they were intended to have extraterritorial effect.[8] The result we reach here is fully consistent with those decisions, since we construe § 22–2601 as applying only to prison breaches within the District of Columbia. The Superior Court thus had jurisdiction to try appellant's case.

Escapes by District of Columbia prisoners which occur outside the District may be charged under the similar federal prison breach statute, 18 U.S.C. § 751(a) (1970), and tried in a United States District Court. The federal statute applies to escapes "from the custody of the Attorney General".[9] It covers escapes by persons convicted of D.C.Code offenses by virtue of the fact that § 24–425 of the D.C.Code commits "[a]ll prisoners convicted in the District of Columbia for any offense, . . . to the custody of the Attorney General of the United States . . . ." *See* Frazier v. United States, 119 U.S.

---

7. D.C.Code 1973, § 22–505. The only parts of that statute which are intended to have extraterritorial effect are those relating to District of Columbia correctional employees in adult or juvenile institutions. Those portions dealing with police and fire department officers are limited to those "operating in the District of Columbia." *See* note 8 *infra*. In *Perez*, the Fourth Circuit expressly declined to decide whether an assault on a District of Columbia correctional officer at Lorton could be tried in the Superior Court, but it noted possible constitutional infirmities in such a proceeding. 488 F.2d at 1059.

8. The geographic area covered by the regulation involved in *Hubbell*, 36 C.F.R. § 50.19, is defined in 36 C.F.R. § 50.1 (1974) (which has not been amended since the *Hubbell* decision) :

§ 50.1. **Applicability of regulations.**

This part [which includes 36 C.F.R. § 50.19] applies to all park areas administered by National Capital Parks, National Park Service, in the District of Columbia, Maryland and Virginia, and to other Federal reservations in the environs of the District of Columbia, policed with the approval or concurrence of the head of the agency having jurisdiction or control over such reservations, pursuant to the provisions of the act of March 17, 1948.

The D.C.Code provision which was at issue in *Perez* provides :

§ 22–505. **Assault on member of police force or fire department.**

(a) Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia, or

any officer or member of any fire department operating in the District of Columbia ; or any officer or employee of any penal or correctional institution of the District of Columbia, or any officer or employee of the government of the District of Columbia charged with the supervision of juveniles being confined pursuant to law in any facility of the District of Columbia, whether such institution or facility is located within the District of Columbia or elsewhere, while engaged in or on account of the performance of his official duties shall be fined not more than $5,000 or imprisoned not more than five years or both. * * *

9. 18 U.S.C. § 751 provides :

§ 751. **Prisoners in custody of institution or officer**

(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both ; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

App.D.C. 246, 247–48, 339 F.2d 745, 746–47 (1964). *See also* United States v. Vaughn, 144 U.S.App.D.C. 316, 317, 446 F.2d 1317, 1318 (1971).

## III

 Rivers' second contention on appeal is that he was denied due process and equal protection by being tried for prison breach under the D.C.Code provision in a court (Superior Court) created by Congress under Article I of the Constitution, while persons charged under the similar federal statute are tried in Article III courts (United States District Courts). We reject this argument.

Appellant recognizes that the Supreme Court concluded in Palmore v. United States, *supra*, that Congress is "not required to provide an Art. III court for the trial of criminal cases arising under its laws applicable only within the District of Columbia." 411 U.S. at 410, 93 S.Ct. at 1682. Rivers contends, however, that we must construe the D.C.Code prison breach statute as being applicable outside of the District. If the provision were so construed, he argues, his trial by an Article I court would be unconstitutional because it would not be within the rule of *Palmore*, which permits Article I courts to try District of Columbia Code offenses created by Congress.

Since we hold that § 22–2601 applies only to prison breaches which occur within the District of Columbia, appellant's second argument also fails. His trial by an Article I court for violation of the D.C.Code offense of prison breach did not abridge his constitutional rights. *See* Palmore v. United States, *supra* at 410, 93 S.Ct. 1670.

Affirmed.