836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Theodore HAWKINS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Damon T. MITCHELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Nathaniel MURPHY, Defendant-Appellant.
 Nos. 87-5535, 87-5536, 87-5537 and 87-5546.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1987.
Decided Dec. 30, 1987.
 
 Charles Morton English, Jr. (Ober, Kaler, Grimes & Shriver on brief), John Peter Connolly, David Alan Hirsch (Weiner, Weiner & Weiner on brief), Michael Hugh Doherty for appellant.
 Justin W. Williams, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 Michael Hawkins, Damon Mitchell, Timothy Williams and Troy Murphy appeal their convictions after a joint jury trial in the United States District Court for the Eastern District of Virginia. The defendants were charged with numerous offenses arising out of their participation in a riot at the District of Columbia correctional facility, Youth Center II, Lorton Reformatory, located in Lorton, Virginia, on January 1, 1986. Hawkins, Mitchell, and Murphy were convicted of rioting while carrying a deadly and dangerous weapon, and Williams was convicted of rioting, 18 U.S.C. Sec. 13 (assimilating Va.Code Sec. 18.2-405). Mitchell and Williams were also convicted of assaulting a correctional officer, while Murphy was convicted of assaulting a correctional officer with a deadly or dangerous weapon, 22 D.C.Code Ann. Sec. 505. In addition, Hawkins, Mitchell, and Murphy were convicted of possession of contraband weapons capable of causing bodily injury or death, 18 U.S.C. Sec. 13 (assimilating Va.Code Sec. 53.1-203(4)).
 
 
 2
 On January 1, 1986, a riot occurred at Youth Center II of the Lorton Reformatory, a District of Columbia correctional facility located on federal property in Fairfax County, Virginia. Youth Center II has four numbered inmate dormitories, and the riot involved a conflict between rival groups quartered in different dormitories. Inmates from Dormitory 1 and 2 attacked those in Dormitory 3. The riot then spread to the quadrangle between the Center's four dormitories. Correctional officers' early efforts to quell the riot were met with violent resistance. Three officers first confronted a group of 15 to 20 inmates who were armed with bats, metal poles, and sticks. They engaged in a hand-to-hand struggle with the inmates, attempting unsuccessfully to disarm them. Among others, officers identified Mitchell, Williams, and Murphy as members of the group.
 
 
 3
 In a second foray, a larger group of inmates, again including Mitchell, Williams, and Murphy, attacked the residents of Dormitory 3, employing baseball bats, metal poles, and knives. The attacking inmates were driven back and again the correctional officers attempted to intervene. The officers' attempts to restore order included barricading a door to the building and using mace against the attacking inmates. Inmate Murphy was observed striking a correctional officer across the wrist with a baseball bat, allowing another inmate to take the can of mace and spray it into the officer's face. A correctional officer tried to retrieve the made, but was surrounded by rioters. In another encounter, an officer confronted Hawkins, who was among the leaders of the group of inmates attacking Dormitory 3, and unsuccessfully tried to seize a baseball bat Hawkins was carrying.
 
 
 4
 Competing groups of inmates left Dormitory 3 and engaged in a skirmish in the quadrangle area between the dormitories. A correctional officer testified that he attempted to take a wounded inmate to the facility's control center for medical attention, but Mitchell, Williams, and Murphy forcefully extracted the wounding inmate from his custody. The rioting group continued to grow. At one point the rioters attacked one of the correctional officers, taking a baseball bat from him. The correctional officers were reinforced by other officers and, backed by tear gas, they finally were successful in driving the rioters from the dormitories and the quadrangle. Ultimately 200 officers were required to subdue the rioters.
 
 
 5
 A number of officers testified at trial that they knew the defendants and detailed their observations of the defendants' roles in the fighting. Hawkins, Mitchell, and Williams presented alibi defenses, and the government presented rebuttal evidence as to each defendant. Murphy testified that he possessed the baseball bat during the riot solely for his own defense and that he had hit the correctional officer with it by mistake. He denied possessing any chains--in contrast to the testimony of another witness--and denied participating in the riot.
 
 
 6
 The defendants contend that the United States District Court for the Eastern District of Virginia lacked jurisdiction over those counts in the indictment in which the defendants were charged with assaulting correctional officers in violation of 22 D.C.Code Ann. Sec. 505. They assert that the District of Columbia Code confers jurisdiction for District of Columbia offenses only upon the District of Columbia Superior Court or the United States District Court for the District of Columbia. There is simply no merit to that argument. Section 505 specifically provides that the statute is applicable whether such institution "is located within the District of Columbia or elsewhere." United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir.), cert. denied, 471 U.S. 1107 (1985); United States v. Smith, 398 F.2d 595 (4th Cir.1968).
 
 
 7
 The defendants next argue that the trial court erred in refusing to order severance after their defenses became mutually antagonistic. Defendants filed a pretrial motion for severance, but did not reassurt the motion at the time their defenses allegedly became mutually antagonistic. They now contend that the trial judge should have ordered severance sua sponte. We disagree. The defenses of the four defendants may well have involved some tactical differences, but they were basically parallel. In United States v. Becker this court stated:
 
 
 8
 To obtain a severance on the ground of conflicting defenses it must be demonstrated that the conflict is so prejudicial that the differences are irreconcilable, "and that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." (Citations omitted).
 
 
 9
 585 F.2d 703, 707 (4th Cir.1978), cert. denied, 439 U.S. 1080 (1979) (quoting United States v. Ehilichman, 546 F.2d 910, 929 (D.C.Cir.1976), cert. denied, 429 U.S. 100 (1977)). We perceive no such prejudice resulting from the joint trial, and cannot conclude that the trial judge abused his discretion in declining to order severance. See U.S. v. Porter, 821 F.2d 968, 972 (4th Cir.1987); U.S. v. Spitler, 800 F.2d 1267, 1271-72 (4th Cir.1986).
 
 
 10
 Hawkins and Mitchell next urge that the evidence was insufficient to prove beyond a reasonable doubt they participated in the riot, impeded correctional officers, or possessed contraband. Hawkins, Mitchell, and Murphy argue that the court erred in denying their motions for judgment of acquittal and directed verdict on the charge of possession of contraband because the Government failed to present evidence their possession of baseball bats was unauthorized. We do not agree with either argument. There was direct testimony that each defendant participated in rioting, possessed baseball bats, and impeded the correctional officers who attempted to stop the fighting. Viewing the evidence in the light most favorable to the government, a rational trier-of-fact easily could have found them guilty beyond a reasonable doubt. United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986). Likewise, their contention that the government failed to prove their possession was unauthorized misconstrues the evidence. Each of the defendants also contest a number of the district court's evidentiary rulings, but we find no merit to any of these objections.
 
 
 11
 In view of the above, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.