840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HARPER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur HOUSE, Defendant-Appellant.
 No. 87-5554, 5555.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1988.
Decided Feb. 19, 1988.
 
 Jeffrey Dean Billett (Hovis & Associates on brief), Christopher Temple Picot for appellants.
 David S. Cayer, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Harper and Arthur House were convicted in the United States District Court for the Eastern District of Virginia of rioting and assault during a prison disturbance at the federal penitentiary at Lorton, Virginia, where they remain incarcerated. They also were convicted of attacking correctional officers.
 
 
 2
 Harper argues on appeal that the district court erred in refusing to give a particular jury instruction regarding eyewitness testimony. Harper also contends that because of the advent of home rule in the District of Columbia, the federal district court in Virginia lacked jurisdiction over charges arising from a riot in a penitentiary maintained in Virginia for District of Columbia prisoners. House contends there was insufficient evidence of rioting, insufficient evidence of assault with a deadly weapon, and denial of equal protection because he is black and was tried by an all white jury.
 
 
 3
 While Harper neglected to preserve the jury instruction issue for appeal, it is unnecessary to investigate whether any exception from the rule concerning failure to preserve is necessary, because the facts did not establish valid grounds for the objection Harper contends should have been made. The proposed instruction concerning the uncertain reliability of eyewitness testimony, based on the holdings in United States v. Holley, 502 F.2d 273 (4th Cir.1974), and United States v. Telfaire, 469 F.2d 552 (D.C.Cir.1972), was not appropriate here because the officer who identified Harper knew him personally prior to the events giving rise to his prosecution and was not picking out someone first seen at the time of the offenses.
 
 
 4
 In United States v. Perez, 488 F.2d 1057 (4th Cir.1974), this court rejected an argument that the advent of home rule in Washington, D.C. has divested the Virginia federal district court of jurisdiction over a violation of D.C.Code Sec. 22-505. The decision in Perez came after the enactment of the District of Columbia Court Reform and Criminal Procedure Act of 1970, which gave the D.C. Superior Court jurisdiction over any criminal case under any law applicable exclusively to the District of Columbia. In Perez, it was held that original federal jurisdiction is conferred by 18 U.S.C. Sec. 3231 on district courts generally and the United States District Court for the Eastern District of Virginia particularly, for "all offenses against the laws of the United States." 488 F.2d at 1059. This Court has consistently reached this result. See United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir.1985), cert. denied, 471 U.S. 1107 (1985); United States v. Smith, 398 F.2d 595 (4th Cir.1968) (per curiam). In reaching the result that the United States District Court for the Eastern District of Virginia had not been divested of jurisdiction, we note that any different result would raise serious constitutional questions since Article III of the United States Constitution provides that a trial of all crimes shall be held in the state where the crimes were committed.
 
 
 5
 While additional home rule jurisdiction over criminal law has been granted to the District of Columbia since Perez was decided, there is no indication that Congress intended to divest federal jurisdiction in the federal court in Virginia. In light of the serious constitutional question that would otherwise have to be addressed, we find the Perez rule still to apply.
 
 
 6
 House argues that the evidence on which he was convicted was "vague, imprecise and contradictory." However, our review satisfies us that there was substantial evidence to support the conviction, taking the view most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 7
 House also complains that his trial was unfair because, while he is black, all of the jurors were white. The question was not properly preserved for appeal because of the failure to object below. See 28 U.S.C. Sec. 1867. Even if a timely objection had been made, the claim would fail. House has presented no evidence that the jury was deliberately made all white or that blacks were systematically excluded from the jury venires or from the jury panel selected.
 
 
 8
 AFFIRMED.