### 20487

The STATE, Respondent, v. Ernest Leroy SANDERS, Appellant.

(237 S. E. (2d) 53)

*William T. Toal, of Johnson, Toal & Battiste,* Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbs, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

August 10, 1977.

GREGORY, Justice:

Sanders appeals from his conviction by a jury of uttering a forged instrument. The question presented is the interpretation of Article 1, Section 14 of the South Carolina Constitution: a person charged with a criminal offense "shall enjoy the right . . . to be fully heard in his defense by himself or by his counsel or by both." Sanders argues that this provision means that he may, as a matter of right, act as co-counsel with his defense attorney; that he may make certain strategy decisions, cross-examine some witnesses and allow counsel to examine others; cross-examine witnesses after his counsel has cross-examined them; and make closing argument to the jury.

Before trial, the Public Defender was timely appointed to defend Sanders. At trial, Sanders asked that he be allowed to be co-counsel for his defense. He claimed that the Public Defender had not had time to adequately prepare the case. The Public Defender contradicted this, and the trial judge, after questioning the Public Defender about his preparation, was apparently satisfied.

The trial judge made it clear that he was determined to protect Sanders' rights and to afford appellant a fair and impartial trial. The judge was concerned, however, about who would be "lead" counsel—who would be in control of the defense. He allowed Sanders to choose between representing himself or participating in the defense with the Public Defender, with the proviso that the Public Defender have final say on all strategy decisions.

Sanders acquiesced to the Public Defender's being lead counsel. But he soon became dissatisfied with the Public Defender's conduct of the trial, and tried to dismiss counsel. The trial judge then gave Sanders the choice of (1) letting the Public Defender represent him, while he participated in the defense subject to the strictures the judge had already imposed, or (2) representing himself, with both the Public Defender and Assistant Public Defender acting as standby counsel and advisors.

Sanders chose the latter. He now contends that he was not permitted to be "heard in his defense . . . by *both* [himself and counsel]." South Carolina Constitution Article 1, Section 14. (Emphasis added.)

The Texas Court of Criminal Appeals recently addressed Sanders' argument in *Landers v. State,* 550 S. W. (2d) 272 (1977). In that case the court interpreted a constitutional provision that said an accused in a criminal case "shall have the right of being heard by himself or counsel, or both." The court held that the provision did not give a defendant the right to "hybrid representation"—representation "partially pro se and partially by counsel." *Id.,* at 280.

The court reasoned that the defendant had no *right* to be represented by counsel and to also examine witnesses and make arguments himself.

The dissent, however, argued in part that the majority would prohibit a defendant who was representing himself from having the advice and assistance of counsel. We do not agree with this interpretation of the majority opinion. If he so desires, a defendant does have the right to assistance of counsel, even if he (defendant) is representing himself. And such assistance was provided appellant in the instant case.

We refer to *Landers* as containing a full discussion of the issues involved here.

We think the trial judge's conduct was eminently fair. The judge permitted Sanders to have the advice and assistance of two Public Defenders while he represented himself. This procedure did not violate appellant's rights under Article 1, Section 14 of the South Carolina Constitution.

Appellant raises one other point. He contends that the trial judge imposed as a condition for parole that he, appellant, make restitution. The State concedes that the trial judge had no authority to impose a condition on parole. We therefore hold that the part of the sentence conditioning parole upon making restitution is void.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.