753 F.2d 1295
 UNITED STATES of America, Appellee,
v.
Michael LORICK, Appellant.
UNITED STATES of America, Appellee,
v.
Sherman DOBSON, Appellant.
UNITED STATES of America, Appellee,
v.
Clinton MURCHISON, Appellant.
UNITED STATES of America, Appellee,
v.
Willie ENGRAM, Appellant.
UNITED STATES of America, Appellee,
v.
Frank JOYNER, Appellant.
 Nos. 84-5103 to 84-5107.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 11, 1985.
Decided Feb. 8, 1985.
 
 John H. Young, Washington, D.C., for appellant Willie Engram.
 John T. Donelan, Alexandria, Va., for appellant Michael Lorick.
 Edward S. Rosenthal, Alexandria, Va., for appellant Sherman Dobson.
 Jeffrey T. Twardy, Annanda, Va., for appellant Clinton Murchison.
 David C. Roehrenbeck, Fairfax, Va., on brief, for appellant Frank Joyner.
 William G. Otis, Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Robert J. Cynkar, Asst. U.S. Atty., Alexandria, Va., on brief), for appellee.
 Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 Tried jointly on charges arising out of an incident at Lorton Prison in Virginia during which they allegedly captured and held several prison guards in an administration building, Michael Lorick, Sherman Dobson, Clinton Murchison, Willie Engram and Frank Joyner were found guilty of assault, 22 D.C.Code Ann. Secs. 105 and 505, and kidnapping, 18 U.S.C. Sec. 1201(a), but not guilty of conspiracy to escape prison, 18 U.S.C. Sec. 371, and attempted escape, 18 U.S.C. Sec. 751(a).
 
 
 2
 On this consolidated appeal, all five challenge their conviction for improper joinder and for insufficient evidence to support the kidnapping conviction. Dobson and Lorick seek a new trial due to improper denial of a motion for a continuance by the district court. Engram seeks a new trial due to an improper comment by the prosecutor on his invocation of the right to remain silent at trial. All five appellants contend that the District of Columbia Code cannot be applied to their assault offense, which occurred in Virginia. Dobson seeks a new trial due to violation of his right to proceed pro se at trial, and the other appellants contend that this violation taints their convictions as well. We reverse the conviction of Dobson and affirm the convictions of Lorick, Murchison, Engram and Joyner.
 
 
 3
 * Joinder of the assault, kidnapping, conspiracy and attempted escape charges was proper under Fed.R.Crim.P. 8(a) because the charges were connected in that they arose from the same occurrence unless, under the particular circumstances, unfair prejudice might result. United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir.1977). However, no potential for unfair prejudice existed in this case because evidence for each of the charges was admissible in proving each of the other charges. See id. The acquittal on the conspiracy and attempted escape charges does not establish misjoinder because the propriety of joinder is determined on the indictment, not retrospectively after a verdict. See United States v. Grassi, 616 F.2d 1295, 1302-03 (5th Cir.1980).
 
 II
 
 4
 Sufficient evidence existed to convict all the appellants of kidnapping. The government presented evidence that each participated in the seizure and holding of the guards. Unlawful seizure and holding are the essential elements of the kidnapping offense. United States v. Lewis, 662 F.2d 1087, 1088 (4th Cir.1981). Hence, sufficient evidence was adduced to convict the appellants as principals because each either committed the offense or was an aider and abettor. See 18 U.S.C. Sec. 2(a).
 
 III
 
 5
 The district court did not abuse its discretion in denying motions for a continuance made by Lorick and Dobson. Lorick made his motion on February 17, 1984, five days before trial, complaining that he had not been given sufficient time to interview prison personnel. However, Lorick makes no concrete showing that any exculpatory evidence could have been discovered, and speculation and conclusory allegations of prejudice are insufficient to establish abuse of discretion by the trial court in denying a continuance. See United States v. Badwan, 624 F.2d 1228, 1231 (4th Cir.1980). Dobson made his motion on the day of trial complaining that he was unprepared. Since Dobson gave no justification for his lack of preparedness and demonstrates no prejudice on appeal, the district court did not abuse its discretion in denying the motion.
 
 IV
 
 6
 The prosecutor's remarks in his closing argument did not violate Engram's right to remain silent. In arguing against the credibility of the defendants, the prosecutor stated:
 
 
 7
 I would say who do you believe? Eight professional law enforcement officers. One major, four lieutenants, three officers, all sworn to uphold the law, all taking the oath as witnesses; or four convicted felons, the four that testified. Five felons committing serious crimes, one of whom admitted that at an earlier date he tried to escape from another institution, Mr. Joyner. (Emphasis added.)
 
 
 8
 A comment does not impermissibly impinge on the fifth amendment rights of the defendant to remain silent unless the jury would naturally or necessarily take it as a comment on the defendant's refusal to testify. United States v. Whitehead, 618 F.2d 523, 527 (4th Cir.1980). The jury would not naturally take this comment as a comment on Engram's refusal to testify, but as an argument not to believe the testimony of the four defendants who testified. Moreover, the district court's instruction to the jury to ignore Engram's refusal to testify in reaching its verdict cured any improper impression that could conceivably have been given by the comment. See id. at 528.
 
 V
 
 9
 The defendants' argument that the District of Columbia Code cannot be applied to an assault occurring in Virginia has already been decided against them by this court. See United States v. Smith, 398 F.2d 595, 595 (4th Cir.1968).
 
 VI
 
 10
 Dobson's argument that he was denied the right to proceed pro se at trial has merit, and we accordingly must reverse his conviction and remand for a new trial. However, we find that the denial of Dobson's right to proceed pro se in no way taints the convictions of the other defendants.
 
 
 11
 The right in issue is that of defendants to proceed pro se at trial recognized and defined in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To arise, this right must be clearly asserted by a defendant before trial. United States v. Lawrence, 605 F.2d 1321, 1325 (4th Cir.1979). The government first apparently contends that the burden of initial assertion was not carried here--the Dobson's conduct was too ambivalent throughout. But we cannot accept this. The record discloses what must be interpreted as a sufficiently clear assertion of the right at Dobson's arraignment. After having indicated at that point a desire to proceed pro se, Dobson was given careful warnings by the court respecting the dangers of conducting his own defense after which he reiterated his intention. The record further discloses an unambiguous recognition by the court at that point that the right had been asserted, and that counsel appointed for Dobson would serve only in an advisory role as and when requested by Dobson.
 
 
 12
 Notwithstanding effective invocation of the right, it may later be waived by a defendant, and here the government argues that, if invoked, the right was later waived by Dobson's subsequent invitation to standby counsel to participate in pre-trial phases of the proceedings and by Dobson's later acquiescence in standby counsel's active participation in the conduct of trial. Again, we do not think the record supports this contention.
 
 
 13
 The Supreme Court's recent decision in McKaskle v. Wiggins, --- U.S. ----, ----, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984), is invoked by the government as dispositive in its favor on the waiver contention. We disagree. McKaskle does make clear that a defendant waives his Faretta right to conduct any portion of his defense that he invites his counsel to conduct. Hence, the defendant may not then object--on the basis that his right has thereby been violated--to participation of counsel that he expressly approves. Id. Moreover,
 
 
 14
 [o]nce a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced.
 
 
 15
 Id. (emphasis added).
 
 
 16
 Applying the controlling principles of McKaskle to this case, we think the record compels the conclusion that whether or not Dobson invited the participation of counsel during pre-trial proceedings so that to that extent he may have waived the right, he expressly and unambiguously renewed his request to proceed pro se at trial. At the opening of trial proceedings, the record reveals that Dobson attempted to address the court. The court responded that Dobson would have to address the court through his attorney at that stage. Dobson responded that he had a problem dealing with his attorney and wished "to do this on [his] own." At that point, the court denied Dobson's attorney's attempt to approach the bench. Subsequently, Dobson again addressed the bench regarding the unpreparedness of counsel for all the defendants. Although the court in response noted that Dobson's statement was in the record, it refused to accept further argument from him, and eventually threatened him with expulsion from the courtroom.
 
 
 17
 Though the course of proceedings as reflected in the record is obviously not the clearest, we conclude that under McKaskle, Dobson's reassertion of the right at the outset of trial proceedings constituted an express and unambiguous request that "standby counsel be silenced." This, per McKaskle 's analysis, must be given effect as a reassertion of the general right to pro se representation as to further proceedings, whatever partial waivers may have preceded the reassertion of right.
 
 
 18
 From this conclusion, it follows that the government's further contention that Dobson's acquiescence--by failure to object--to standby counsel's subsequent participation in the trial constituted renewed waiver of any right asserted or reasserted must also fail. In this respect the instant case differs critically from Brown v. Wainwright, 665 F.2d 607, 611 (5th Cir.1982) (en banc), in which a majority of the sharply divided Fifth Circuit found waiver of the pro se right by the defendant's acquiescence in standby counsel's participation through most of the trial. The difference here is precisely in the fact--not present in Brown --that at the outset of Dobson's trial the trial court had unmistakably indicated its intention not to recognize the claimed right from that point on. Under those circumstances, Dobson's subsequent apparent acquiescence can only in fairness be taken as a concession of his inability successfully to act on the right asserted.
 
 
 19
 Hence, we conclude that Dobson was denied his constitutional right to proceed pro se and is therefore entitled to a new trial. In reaching this decision, we recognize the practical difficulties created here for the district judge by the course of these proceedings and by Dobson's stubbornly persistent and arguably ambivalent conduct. But under Faretta we see no recourse for district judges confronted with comparable situations but to elicit for the record a clear statement indicating a defendant's knowledgeable initial assertion of the right and thereafter to observe the right scrupulously, including, if need be, eliciting further specific clarifications for the record of the pro se defendant's intentions respecting any participation by standby counsel.
 
 
 20
 Only by careful explanations of the right and its risks when once it is apparently claimed, followed by equally careful elicitations of the defendant's intentions respecting continued assertions of the right whenever his conduct or that of standby counsel might otherwise create ambiguity can the right be protected and at the same time trial processes be kept under effective control. See McKaskle, --- U.S. at ---- - ----, 104 S.Ct. at 953-55.
 
 
 21
 For the reasons discussed, we affirm the convictions of Lorick, Murchison, Engram and Joyner. We reverse the conviction of Dobson and remand for a new trial.
 
 
 22
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.