492 S.E.2d 97

The STATE, Respondent,

v.

Johnny BREWER, Appellant.

No. 24699.

Supreme Court of South Carolina.

Submitted Sept. 29, 1997.

Decided Oct. 13, 1997.

John D. Delgado, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General, John W. McIntosh, Assistant Deputy Attorney General, Donald J. Zelenka, Columbia; and Solicitor Donald V. Myers, Lexington, for respondent.

PER CURIAM:

Following the denial of appellant's motion to proceed *pro se* in this capital case, we issued a writ of certiorari to review the decision of the circuit court. We reverse.

■ It is well-established that an accused may waive the right to counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Dixon*, 269 S.C. 107, 236 S.E.2d 419 (1977). Although a defendant's decision to proceed *pro se* may be to the defendant's own detriment, it "must be honored out of that respect for the individual which is the lifeblood of the law." *Faretta v. California*, 422 U.S. at 834, 95 S.Ct. at 2541, 45 L.Ed.2d at 581.

■ The right to proceed *pro se* must be clearly asserted by the defendant prior to trial. *State v. Sims*, 304 S.C. 409, 405 S.E.2d 377 (1991); *United States v. Lorick*, 753 F.2d 1295 (4th Cir.1985). The trial judge has the responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel. *Faretta v. California, supra; State v. Dixon, supra.* The ultimate test of whether a defendant has made a knowing and intelligent waiver of the right to counsel is not the trial judge's advice, but the defendant's understanding. *Graves v. State*, 309 S.C. 307, 422 S.E.2d 125 (1992). A determination by the trial judge that the accused lacks the expertise or technical legal knowledge to proceed *pro se* does not justify a denial of the right to self-representation; the only relevant inquiry is whether the accused made a knowing and intelligent waiver of the right to counsel. *Faretta v. California, supra; United States v. Bennett*, 539 F.2d 45 (10th Cir.1976).

■ In ruling on appellant's motion to proceed *pro se*, the trial judge stated, "If this was [sic] not a death penalty case, perhaps my ruling would be different. But I am of the view

that the court has adequately explained to you your right of self representation, and I think that you understand it, but I don't think you appreciate it. I think you've understood what I have said, but I think you have failed, for whatever motive or reason that you have, to accept it ..." Although the judge found that he had adequately explained appellant's right of self-representation and appellant understood it, he stated that appellant did not "appreciate it" and had failed to "accept it." According to the trial judge, "because of the irreversible nature of the consequences," allowing appellant to represent himself in this case "is fraught with inherent disastrous consequences."

 There is no prohibition against a capital defendant knowingly and intelligently waiving the right to counsel. *See* *State v. Brown*, 289 S.C. 581, 347 S.E.2d 882 (1986) (trial judge properly determined a capital defendant knowingly and intelligently waived his right to counsel where the trial judge informed him that he was not entitled to appointed counsel because he was not indigent and advised him of the dangers of self-representation). Although the State points to appellant's request for standby counsel as evidence that appellant did not knowingly and intelligently waive his right to counsel, a defendant has a right to the assistance of counsel even if he is representing himself. *State v. Sanders*, 269 S.C. 215, 237 S.E.2d 53 (1977). Therefore, the fact that appellant requested standby counsel does not render the waiver of counsel invalid.

It appears that the trial judge denied the motion to proceed *pro se* based on the fact that the trial judge did not believe that appellant's decision to represent himself in a death penalty case was a good decision. A decision can be made intelligently, with an understanding of the consequences, without the decision itself being a wise one.

Because the evidence reveals, and the trial judge found, that appellant's decision to waive his right to counsel and proceed *pro se* in this matter was knowingly, intelligently, and voluntarily made, the trial judge violated appellant's 6th Amendment right to self-representation in denying the motion. We find that appellant is entitled to proceed *pro se* in this matter

with the assistance of stand-by counsel. Accordingly, the decision of the trial judge is

REVERSED.