**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4584**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM C. PETTIS, a/k/a Bobby,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, Chief District Judge. (CR-02-41)

─────────────

Submitted: January 30, 2004      Decided: February 24, 2004

─────────────

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Peter R. Roane, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William C. Pettis pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 8). He was sentenced to 262 months on the drug conviction and to sixty months consecutively on the gun charge. On appeal, Pettis alleges that his guilty plea was involuntary because the district court did not inform him that his 18 U.S.C. § 924(c) (2000) conviction carried a mandatory minimum sentence of five years. Thus, he argues, he would not have pled guilty but for this error. He also alleges the district court erred by denying his attorney's motion to withdraw, and denying his newly obtained counsel additional time to prepare. For the reasons that follow, we affirm.

Relying on United States v. Goins, 51 F.3d 400 (4th Cir. 1995), Pettis alleges that he was not informed of the five-year mandatory minimum for his § 924(c) conviction. To the extent the district court failed to specifically inform Pettis of this fact at his plea hearing, the record otherwise reveals that Pettis was aware of the mandatory minimum sentence prior to pleading guilty. Accordingly, this claim fails.

Next, we note that an indigent defendant has no right to a particular attorney and can demand new counsel only for good cause. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

A defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). We find that the district court did not abuse its discretion by denying Pettis' motion to substitute his trial counsel prior to sentencing. Gallop, 838 F.2d at 108. Likewise, we do not find the court abused its discretion by implicitly denying Pettis' motion for a continuance. United States v. Lorick, 753 F.2d 1295, 1297 (4th Cir. 1985).

Accordingly, we affirm Pettis' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED