**STATE of Minnesota, Respondent,**

v.

**Clay Carl CLARK, Appellant.**

**No. A04–1101.**

Court of Appeals of Minnesota.

June 28, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for respondent.

John Stuart, State Public Defender, Steven P. Russett, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge; TOUSSAINT, Chief Judge; and HALBROOKS, Judge.

## OPINION

LANSING, Judge.

In this appeal from conviction of four felonies, Clay Clark challenges the district court's denial of his requests to substitute appointed counsel, appoint advisory counsel, and rescind self-representation. Because the district court did not abuse its discretion and properly applied the law in denying Clark's requests, we affirm.

## FACTS

Clay Clark fled from police officers in a car that had been reported stolen. After police took him into custody, the Hennepin County Attorney charged him with receiving stolen property, fleeing a police officer in a motor vehicle, possession of a firearm by a prohibited person, and theft of a motor vehicle. Clark pleaded not guilty, demanded a speedy trial, and expressed his intent to retain private counsel. Approximately one month later, Clark advised the district court that he was unable to retain private counsel and would proceed with the appointed public defender.

On the second day of jury voir dire, Clark told the district court that he wanted a different attorney. Clark explained that he was dissatisfied because the appointed public defender had never come to see him, did not provide him with paperwork, told him that the evidence he believed would prove his innocence was inadmissible at trial, and recommended that he accept the plea offer because his case was "open and shut." After listening to Clark's reasons, the district court reviewed with Clark the effect of his previous requests for time to obtain private counsel and for a speedy trial. The district court allowed the public defender an opportunity to respond, which she declined, and the court then denied Clark's request, stating that "[u]nder the rules, [Clark] would not be reassigned a different lawyer from the Public Defender's Office."

On the same day, after completion of jury selection, Clark told the district court that he wanted to represent himself. In response to this request, the district court advised Clark of the responsibilities of self-representation: that no delay would be allowed to accommodate Clark's trial preparation; that if Clark was not prepared for trial, he should continue with the public defender because she was skilled and trained as an attorney and was prepared for trial; that Clark would not be provided with "standby" counsel if he represented himself; that Clark would not be allowed to change his mind; and that Clark would be bound by the same rules as any attorney and would be required to make an opening statement, question witnesses, and make relevant objections without the assistance of the court. Clark reaffirmed his decision to represent himself.

The district court then proceeded through a formal waiver inquiry in which it ascertained that Clark had received a copy of the complaint, understood the charges against him, understood that the maximum penalty for the crimes charged was up to fifteen years in prison and a $30,000 fine, was medically competent to represent himself, and understood that he had an abso-

lute right to be represented by an attorney. After providing Clark an opportunity to discuss his decision with the public defender, the district court granted Clark's request and dismissed the public defender. The jury was empanelled, and the state gave its opening statement and began examination of its first witness.

On the following day Clark told the district court that he was a "layperson" and was "not qualified to represent himself." He said he had less than twenty-four hours to prepare, did not have any sleep, was feeling stressed, and had made a mistake. He also asserted that he thought his public defender would assist him at trial and that it was his constitutional right to have her present. The district court reminded Clark that during the previous day's proceeding, he waived his right to have an attorney represent him and that it had been repeatedly explained that the public defender would not assist at trial if he decided to represent himself. The state argued that Clark's request was untimely and that, because witnesses had already been called, the request should be denied.

The district court denied Clark's request to rescind self-representation or to have the public defender present to assist him. The judge explained that Clark had waived his right to counsel, that witnesses had been called, that jeopardy had attached, and that the court had told him prior to his waiver that the public defender would not act as standby counsel if Clark proceeded with self-representation.

The jury found Clark guilty of all charges. The district court sentenced him to concurrent prison terms, the longest of which was sixty months. Clark appeals his conviction.

## ISSUES

I. Did the district court abuse its discretion in denying Clark's request to substitute counsel?

II. Did the district court err in denying Clark's request to have a public defender act as advisory counsel?

III. Did the district court abuse its discretion in denying Clark's request to rescind self-representation?

## ANALYSIS

### I

The United States and Minnesota Constitutions provide a criminal defendant the right to have the assistance of counsel in his or her defense. U.S. Const. amend. VI; Minn. Const. art. I, § 6. The right to counsel includes a fair opportunity to secure an attorney of choice, but an indigent defendant's right to representation does not include the right to choose which attorney will provide the representation. *State v. Gassler*, 505 N.W.2d 62, 70 (Minn.1993); *State v. Vance*, 254 N.W.2d 353, 358 (Minn.1977). A court will grant an indigent's request for substitute counsel "only if exceptional circumstances exist and the demand is timely and reasonably made." *Vance*, 254 N.W.2d at 358. The decision whether to grant a request for substitute counsel lies within the district court's discretion. *State v. Worthy*, 583 N.W.2d 270, 279 (Minn.1998).

A defendant has the burden of showing the existence of exceptional circumstances. *Id.* Exceptional circumstances "are those that affect a court-appointed attorney's ability or competence to represent a client." *State v. Gillam*, 629 N.W.2d 440, 449 (Minn.2001). "General dissatisfaction or disagreement with counsel's assessment of the case does not constitute . . . exceptional circumstances." *Worthy*, 583 N.W.2d at 279. Personal ten-

sion between defendant and counsel during trial preparation also does not constitute exceptional circumstances when it does not relate to counsel's ability or competence to represent a defendant. *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn.1999). Requests for substitute counsel are not timely when made "on the morning of trial" after jury voir dire has begun. *Worthy*, 583 N.W.2d at 278–79.

■ Clark requested substitute counsel the morning of trial, on the second day of jury voir dire. At that point, his request was not timely. In part, Clark's stated reason was dissatisfaction with his appointed counsel's opinion on what evidence would be admissible and her assessment of the strength of his case. These reasons do not constitute exceptional circumstances that affect counsel's ability or competence to represent Clark. Although Clark told the court that his appointed attorney had "never" come to see him, the record shows that the appointed counsel who represented Clark at the beginning of his trial was present with him at a court appearance two months earlier. At a minimum, Clark and his appointed attorney had an opportunity to discuss his case at that appearance. At an appearance a month later, Clark told the district court that he was unable to retain private counsel and would proceed with the appointed attorney. Because Clark's request was not timely and his allegations do not establish exceptional circumstances, we conclude that the district court did not abuse its discretion in denying the request for substitute counsel.

■ Clark also contends that he is entitled to a new trial because the district court incorrectly stated that "[u]nder the rules, [Clark] would not be reassigned a different lawyer from the Public Defender's Office." We agree that it would be an incorrect statement of the law to say that a criminal defendant may not have a differ-ent public defender under any circumstances. *See State v. Lamar*, 474 N.W.2d 1, 3 (Minn.App.1991) (noting district court's statement that defendant could not have different public defender under any circumstances was inaccurate), *review denied* (Minn. Sept. 13, 1991). Nevertheless, in these circumstances, the statement was not inaccurate because Clark's request was untimely and he failed to demonstrate exceptional circumstances. Because any overstatement in the court's explanation of the law was harmless and Clark does not challenge the sufficiency of the evidence against him, Clark is not entitled to a new trial. *See id.* (concluding inaccuracy of district court's explanation of law regarding substitution of counsel was harmless error).

## II

■ On the third day of trial, Clark made two simultaneous requests: that he be allowed to rescind self-representation and that the district court appoint the previously dismissed public defender as his advisory counsel. In support of the latter request, Clark argued that he had a "constitutional right" to have the public defender present at trial. On appeal, Clark contends that Minn. Const. art. I, § 6, should be interpreted to establish the right of advisory counsel. We review issues of constitutional interpretation de novo. *Star Tribune Co. v. Univ. of Minn. Bd. of Regents*, 683 N.W.2d 274, 283 (Minn.2004).

■ "Minnesota has a long tradition of assuring the right to counsel." *Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 831 (Minn.1991); *see also* Minn. Const. art. I, § 6 (providing that "[i]n all criminal prosecutions the accused shall enjoy the right … to have the assistance of counsel in his defense"). The purpose of the right to counsel is to protect the layperson who lacks the skill and

knowledge for self-representation. *Friedman*, 473 N.W.2d at 833. In Minnesota, this right has been expanded beyond criminal prosecution to those contexts that "present[] the same dangers that gave birth initially to the right itself." *Id.* (quotation omitted). For example, the right to counsel extends to proceedings such as police interrogations, *State v. Schabert*, 218 Minn. 1, 9, 15 N.W.2d 585, 589 (1944), and circumstances in which a driver has been asked to submit to a chemical test under the implied-consent law. *Friedman*, 473 N.W.2d at 833. But the Minnesota Constitution has not been interpreted to establish a right to advisory counsel when a defendant exercises the right to self-representation, and we reject Clark's argument that this case warrants such an interpretation for three reasons: (1) Clark knowingly, intelligently, and voluntarily waived his right to counsel; (2) the United States Constitution, which is substantially similar to our own in its provision for a right to an attorney, has not been interpreted to provide for the right to advisory counsel; and (3) the supreme court, in its promulgated rules of criminal procedure, has provided only for the discretionary appointment of advisory counsel.

■■■■ First, Minnesota recognizes that the right to counsel can be waived and that criminal defendants have "a corollary constitutional right to choose to represent themselves in their own trial." *Worthy*, 583 N.W.2d at 279 (citing *Faretta v. California*, 422 U.S. 806, 819–21, 95 S.Ct. 2525, 2533–34, 45 L.Ed.2d 562 (1975)). A defendant seeking to waive the right to counsel "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* at 276 (quotations omitted). To determine whether a waiver of the right to counsel is knowing, voluntary, and intelligent, district courts "'should comprehensively examine the defendant regarding the defendant's comprehension of the charges, the possible punishments, mitigating circumstances, and any other facts relevant to the defendant's understanding of the consequences of the waiver.'" *Id.* (quoting *State v. Camacho*, 561 N.W.2d 160, 173 (Minn.1997)); *see also* Minn. R.Crim. P. 5.02, subd. 1(4) (stating district court "shall ensure that a voluntary and intelligent written waiver ... is entered in the record."); Melinda A. Nicholson, comment, *The Constitutional Right to Self–Representation: Proceeding Pro Se and the Requisite Scope of Inquiry When Waiving Right to Counsel*, 79 Tul. L.Rev. 755, 762–772 (2005) (discussing comprehensive inquiry methods that ensure defendant's waiver is knowing, voluntary, and intelligent).

The record shows that the district court conducted a comprehensive examination of Clark to determine that he wished to waive his right to counsel. This inquiry included an examination of Clark's comprehension of the charges against him, the maximum possible punishment, and his absolute right to be represented by an attorney. The court inquired into Clark's mental competency. The court also discussed what would be required of Clark while representing himself, the benefits of being represented by counsel, and the consequences of self-representation. The district court repeatedly stressed that Clark would not have the assistance of standby counsel if he proceeded with self-representation. Finally, the district court provided time for Clark to discuss this matter with the appointed public defender. After approximately twenty pages of transcripted discussion and examination, the district court accepted Clark's waiver. The record shows that Clark made a knowing, intelligent, and voluntary waiver of his right to counsel, and Clark's waiver was made with

the understanding that the public defender would not serve as advisory counsel if Clark exercised his right to self-representation.

Second, we recognize that our constitution is substantially similar to the United States Constitution. *Compare* U.S. Const. amend. VI (providing criminal defendant the right "to have the assistance of counsel *for* his defense" (emphasis added)), *with* Minn. Const. art. I, § 6 (providing criminal defendants the right "to have the assistance of counsel *in* his defense" (emphasis added)). Federal courts have not found a right to advisory counsel under the United States Constitution. *See United States v. Einfeldt,* 138 F.3d 373, 378 (8th Cir.1998) (noting there is no constitutional right to standby counsel when defendant exercises constitutional right to self-representation). And, contrary to Clark's argument on appeal, this state's constitution is readily distinguishable from those state constitutions that have been interpreted to include a right to standby counsel or hybrid representation. *See Hill v. Commonwealth,* 125 S.W.3d 221, 225–26 (Ky.2004) (interpreting Kentucky Constitution, providing criminal defendant right to be heard "by himself and counsel," to include right to proceed pro se with assistance of advisory counsel); *State v. Sanders,* 269 S.C. 215, 237 S.E.2d 53, 54 (1977) (recognizing right to assistance of counsel, even when criminal defendant exercises right to self-representation, because South Carolina Constitution provides for right of defendant to be heard "by himself or counsel, or both").

Third, we note that, under former rules of criminal procedure, this court has recognized that advisory counsel was mandatory in felony and gross-misdemeanor cases when criminal defendants exercised their right to self-representation. *See, e.g., State v. Savior,* 480 N.W.2d 693, 694–95 (Minn.App.1992) (recognizing, under Minn.

R.Crim. P. 5.02, subd. 1, counsel must be appointed for defendant financially unable to afford counsel in felony or gross-misdemeanor cases even if defendant exercises right to refuse assistance of counsel). But under the current rule, the district court's decision to appoint advisory counsel is discretionary. *See* Minn. R.Crim. P. 5.02, subd. 2 (stating district court "may appoint 'advisory counsel' to assist the accused who voluntarily and intelligently waives the right to counsel"). Because Minnesota courts have the obligation to interpret our state constitution, a supreme court rule that provides for discretionary appointment of advisory counsel creates a reasonable inference that advisory counsel is not constitutionally required.

Clark also contends that the district court erred by not exercising its discretion to appoint advisory counsel under Minn. R.Crim. P. 5.02, subd. 2. At trial, when requesting advisory counsel, Clark told the district court that it was his expectation that the appointed public defender would assist him during his self-representation. But under Minn.Stat. § 611.26, subd. 6 (Supp.2003), public defenders "must not serve as advisory counsel." Because the statute precludes appointment of a public defender to serve as advisory counsel, the district court was not required to exercise its discretion under rule 5.02, subdivision 2, to determine whether an attorney who was not a public defender should have been appointed as Clark's advisory counsel.

### III

Finally, Clark contends that the district court abused its discretion in denying his request to rescind self-representation. After waiving one's right to counsel, a defendant does not have an absolute right to relinquish the right of self-representation. *State v. Richards,* 552

N.W.2d 197, 206 (Minn.1996). A defendant shall not be permitted to relinquish self-representation unless the request is timely and reflects extraordinary circumstances. *Id.* In exercising its discretion, the district court balances the request "against the progress of the trial to date, the readiness of standby counsel to proceed, and the possible disruption of the proceedings." *Id.* at 206–07.

During the state's case-in-chief, the third day after jury voir dire began, Clark told the district court that he was a "layperson" who was "not qualified to represent himself," and he requested that the public defender be reappointed to represent him. After listening to arguments by Clark and the prosecuting attorney, the district court denied the request because Clark had waived his right to counsel with the understanding that advisory counsel would not be appointed, witnesses had been called, and jeopardy had attached. The transcript demonstrates that the district court properly exercised its discretion by considering the progress of the trial to date, possible disruption of the proceedings, and readiness of advisory counsel to take over. The district court did not abuse its discretion in denying Clark's request.

## DECISION

Criminal defendants have a constitutional right to be represented by an attorney and a corollary constitutional right to self-representation. Minnesota, however, does not recognize a right under our state constitution to advisory counsel when the right of self-representation is exercised. The district court made a substantial effort to ensure that Clark's waiver of his right to counsel was made knowingly, intelligently, and voluntarily. The district court properly applied the law and did not abuse its discretion in denying Clark's requests for substitute counsel, advisory counsel, and rescission of self-representation.

**Affirmed.**