THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State Respondent,
v.
 Dwight Fitzgerald Jones Appellant.
 
 
 

Appeal From Richland County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2006-UP-343
Submitted October 1, 2006  Filed October 12, 2006

AFFIRMED

 
 
 
Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland; and Solicitor W. Barney Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:    Dwight Fitzgerald Jones appeals his conviction for murder and assault and battery with intent to kill.  Jones argues the trial judge abused his discretion by disregarding Jones request to proceed pro se.  We affirm.[1]
FACTS
On February 25, 2001, an altercation at a sports bar in Richland County resulted in gunfire, leaving one dead and three wounded.  As a result, Jones was charged with murder and three counts of assault and battery with intent to kill.  During an in camera, ex parte hearing at the outset of his trial, Jones expressed dissatisfaction that his counsel had been unable to locate several potential witnesses he believed would be helpful to his case.  Jones asked for a continuance so that his family might hire a private investigator or attorney to attempt to track down these potential witnesses.  The court denied this request.  During this hearing, Jones also verbalized disagreement with his attorneys decision not to call a particular witness.  In response, his lawyer offered strategic reasons why Jones best interest might not be served by bringing this person to the stand.  The judge expressed agreement, and Jones indicated that he understood and was satisfied with the explanation.
Later in the trial, another in camera, ex parte discussion was held.  Jones counsel informed the court:

My client indicates to me that he continues to have dissatisfaction with the way that the case is proceeding and with me.  He indicated a moment ago that he might like to just switch and be the one to ask questions of the witnesses himself.
We had a discussion about the way things are going and he has become increasingly unhappy with me and I  think he wishes to address the court.

Jones stated discontent with his lawyers cross-examination of several witnesses who had identified Jones as the shooter.  He presented several specific examples of questions he believed should have been asked and that he had suggested to his attorney during the trial.  In response, his counsel elucidated her reasoning and strategy and pointed out that some of the questions Jones mentioned had in fact been asked.  The court averred as to the risks presented by many Jones recommendations for cross-examination and noted it is difficult for an attorney to take suggestions from his or her client, when at the same time, he or she is listening to the opposing sides direct examination.
The judge went so far as to ask directly, What is it that you want me to do?  Jones gave no answer but merely replied with a continuation of his complaint regarding questions that had not been asked.  The court then stated, You certainly have the right to represent yourself  but I think youd be ill-served by making that choice.  But if you continue to have problems, I certainly will be glad to hear from you if you want to proceed on your own, okay?  Jones responded, Okay, thank you.[2]  At no point in this discussion or at any time during the trial did Jones move or even indicate that he wished to appear pro se.
The jury found Jones guilty of all four counts.  He was sentenced to thirty years for murder and five years imprisonment for each of the three counts of assault and battery with intent to kill.
DISCUSSION
On appeal, Jones argues the trial court erred by denying his request to proceed pro se.  We disagree.  
A defendant has a constitutional right to self-representation under the Sixth and Fourteenth Amendments.  Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527 (1975).  Although a defendants decision to proceed pro se may be to the defendants own detriment, it must be honored out of that respect for the individual which is the lifeblood of the law.   State v. Brewer, 328 S.C. 117, 492 S.E.2d 97 (1997) (quoting Faretta, 422 U.S. at 834, 95 S.Ct. at 2541).  This right, however, is not unfettered.  While this court has held that one may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture,  State v. Thompson, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003),  the right to proceed pro se must be clearly asserted prior to trial.  State v. Brewer, 328 SC 117, 492 S.E.2d 97 (1997); United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir. 1985).  
There is nothing in the record to indicate that Jones ever requested self-representation, let alone did so in manner that could be interpreted as a clear assertion the right.  Jones contends he motioned to appear pro se when his lawyer made the previously quoted statement regarding Jones dissatisfaction with his counsel, which included the remark, he [Jones] might like to just switch and be the one to ask questions of the witnesses himself.  
Besides expressing his unhappiness with his attorney, this colloquy merely mentions that Jones might like to represent himself.  The circumstances and ensuing inquiry allowed the judge to see that Jones concerns were properly addressed and conclude that he was not requesting to proceed pro se.  This query was proper, for the trial judge has the responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation and that he makes a knowing and intelligent waiver of the right to counsel.  Faretta, 422 U.S. at 835, 95 S.Ct. at 2541; Dixon, 269 S.C. 107 236 S.E.2d 419 (1977).  Additionally, the judge was correct in not concluding this statement to be a waiver of the Sixth Amendment right to counsel, as [t]he courts indulge every reasonable presumption against waiver of fundamental constitutional rights, and do not presume acquiescence in the loss of fundamental rights.  Thompson, 355 S.C. at 262, 584 S.E.2d at 134 (citing, Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938); Pitts v. North Carolina, 395 F.2d 182, 188 (4th Cir. 1968).
Even in the event the conversation at issue amounted to a definite motion to proceed pro se, based on the timing of the issue being raised, denial of the request was not an abuse of discretion by the court.  The right to represent oneself must be asserted by the defendant before the trial begins.  State v. Sims, 304 S.C. 409, 415, 405 S.E.2d 377, 381 (1991); United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir. 1985).  If the request to proceed pro se is made after the trial has begun, the grant or denial of the right to proceed pro se rests within the sound discretion of the trial judge.  State v. Fuller, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999) (citing United States v. Singleton, 107 F.3d 1091 (4th Cir. 1997); United States v. Lawrence, 605 F.2d 1321 (4th Cir. 1979)).  As there may be a variety of reasons which might excuse a last minute request by a defendant to proceed pro se, it is thus incumbent upon the trial court to determine whether the request is made for purposes of delay or to gain tactical advantage, and whether the lateness of the request may hinder the administration of justice.  Fuller, 337 S.C. at 241, 523 S.E.2d at 170-171 (citing and quoting People v. Mogul, 812 P.2d 705 (Colo. Ct. App. 1991) (internal citations omitted).  There is nothing in the record to indicate that the judge abused his discretion in refusing any motion to appear pro se that may have been made.
CONCLUSION 
Accordingly, Jones convictions are 
AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The trial record actually stops at the end of the judges question, thus cutting off Jones reply.  However, his response is provided in the States brief to this court.  Jones makes no challenge as to the factual accuracy of this information.