THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michael M. Walker, Appellant.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-125
Submitted March 1, 2007  Filed March 15, 2007

AFFIRMED

 
 
 
 Appellate Defender Katherine H. Hudgins, of Columbia, for Appellant.  
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Michael M. Walker appeals his convictions of two counts of assault of a high and aggravated nature, two counts of pointing and presenting a firearm, and one count of possession of a handgun by a person convicted of a violent crime.  We affirm.[1] 
FACTS
Walker dated Danny Browns sister.  When Brown learned of a physical altercation between his sister and Walker, Brown and his cousin, Christopher McKinney, drove around searching for Walker.  When they found Walker walking down the road, Brown exited the car and approached him.  Walker pulled a handgun on Brown and fired it.  Brown ran.  Walker then approached the car, banged the gun on the car window, opened the car door, and fired the gun into the car.  
At a pre-trial hearing, Walker moved to relieve his counsel and proceed pro se.  At a second pre-trial hearing, Walker reaffirmed his wish to represent himself.  The solicitor informed the trial judge that Walker had represented himself in a prior criminal trial.  The judge asked Walker if he heard the explanation of the dangers of self-representation the judge made to another defendant that morning.  Walker acknowledged he listened to the explanation.  Walker then explained he wanted the trial to proceed because he had already been incarcerated for almost a year.  The judge generally cautioned Walker about representing himself.  Walker reiterated his demand to represent himself.  Trial commenced the following week.  Walkers appeal raises three issues.  
DISCUSSION
I.  Self-Representation
Walker argues the trial judge erred in permitting him to proceed pro se without obtaining a valid waiver of the right to counsel.  We disagree.
It is well-established that an accused may waive the right to counsel and proceed pro se.  State v. Brewer, 328 S.C. 117, 119, 492 S.E.2d 97, 98 (1997).  To establish a valid waiver of counsel, the defendant must be adequately warned of the dangers of self-representation.  Faretta v. California, 422 U.S. 806, 835 (1975).  In the absence of a specific inquiry by the trial judge addressing the disadvantages of proceeding pro se, this Court will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source.  Bridwell v. State, 306 S.C. 518, 519, 413 S.E.2d 30, 31 (1992).  The ultimate test is not the trial judges advice, but the defendants understanding.  Brewer, 328 S.C. at 119, 492 S.E.2d at 98.
In this case, the record reflects Walker was emphatic about representing himself.  Furthermore, he acknowledged listening to the trial judge explain the dangers of self-representation to another defendant.  Walker also had an understanding of the legal system and his legal rights due to his self-representation in a previous criminal trial.  Finally, the trial judge addressed the danger of self-representation in a general sense.  Upon a review of the record, we find Walkers waiver of counsel was knowing and voluntary and although the trial judge did not specifically address the disadvantages of self-representation directly to Walker, Walker made a valid waiver.  
II.  Error Preservation
Walkers remaining issues on appeal are not preserved for appellate review.  Walker argues the trial judge erred in not directing a verdict on the charge of possession of a handgun by a person convicted of a crime of violence.  Walker failed to move for a directed verdict on this issue at trial.  Walker also argues the trial judge erred in instructing the jury that the burden of proving self-defense is on the defendant.  Walker failed to object to the erroneous instruction.  Issues may not be raised for the first time on appeal but must be raised to and ruled upon by the trial court to be preserved for appellate review.  State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004).  
AFFIRMED.
HEARN, C.J., GOOLSBY and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.