**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4190**

———————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

ALVIN DEWAYNE HALL,

       Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:13-cr-00125-HEH-1)

———————

Submitted: November 21, 2014    Decided: December 17, 2014

———————

Before MOTZ and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeremy Gordon, Mansfield, Texas, for Appellant. Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Dewayne Hall pled guilty to conspiracy to distribute and possess with intent to distribute marijuana (Count 2) and bribery of a public official (Count 5), for his role in supplying contraband while a federal inmate and was sentenced to 96 months of imprisonment. On appeal, Hall raises one issue: whether the district court abused its discretion by denying, without proper inquiry, his request for a continuance in order to obtain substitute counsel. For the reasons that follow, we affirm.

At his sentencing hearing, Hall was represented by appointed counsel but sought a continuance so that he could hire another attorney to advise him regarding questions he had about sentencing. Hall specifically told the court that he was not seeking to withdraw his plea and made no statements regarding unhappiness with his appointed counsel. The district court denied the motion for a continuance finding that Hall's appointed counsel was very experienced, had done "superb job," there were no complicated issues involved in the sentencing which would require additional research, no serious issues that that were objected to, and that the advisory Sentencing Guidelines were clearly and properly computed. (J.A. 54-55).

The determination of whether a continuance is justified is left to the sound discretion of the trial court,

2

Morris v. Slappy, 461 U.S. 1, 11-12 (1983), which we review for an abuse of discretion. United States v. Lorick, 753 F.2d 1295, 1297 (4th Cir. 1985). We have held that a district court need not grant a continuance for purposes of securing new counsel where the request for it plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. See, e.g., United States v. Gallop, 838 F.2d 105, 107-09 (4th Cir. 1988); Sampley v. Attorney Gen. N.C., 786 F.2d 610, 613–14 (4th Cir. 1986). In particular, a defendant's right to choose his own counsel is limited so as not to deprive a court of its "inherent power to control the administration of justice." Gallop, 838 F.2d at 108 (citation omitted); see United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (finding that a trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar). Thus, we find no abuse of discretion.

Accordingly, we affirm Hall's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3