**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gerald Edwards, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000439

———————

Appeal From Charleston County
R. Markley Dennis, Trial Judge
Michael G. Nettles, Post-Conviction Relief Judge

———————

Unpublished Opinion No. 2021-UP-015
Submitted September 1, 2020 – Filed January 20, 2021

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Petitioner.

Assistant Attorney General Mark Reynolds Farthing, of
Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's

question and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner appeals his convictions and concurrent terms of twenty years' imprisonment for armed robbery and five years' imprisonment for possession of a knife during the commission of a violent crime. On appeal, Petitioner argues the trial court erred by failing to advise Petitioner of the dangers of proceeding pro se when (1) only a brief and inadequate colloquy took place the week before trial and (2) a different judge relied on the colloquy resulting in an erroneous conclusion Petitioner knowingly and intelligently waived his right to counsel.

We hold the trial court did not err in allowing Petitioner to proceed pro se because Petitioner clearly, voluntarily, and intelligently waived his right to counsel. *See Faretta v. California*, 422 U.S. 806, 807 (1975) ("The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."); *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *id.* ("Specifically, [appellate courts] review a [trial court]'s findings of historical fact for clear error; however, [appellate courts] review the denial of the right of self-representation based upon those findings of fact de novo."); *id.* ("In doing so, [appellate courts] must consider the defendant's testimony, history, and the circumstances of his decision, as presented to the [trial court] at the time the defendant made his request."); *State v. Boykin*, 324 S.C. 552, 555, 478 S.E.2d 689, 690 (Ct. App. 1996) ("The erroneous deprivation of a defendant's fundamental right to the assistance of counsel is *per se* reversible error."); *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003) ("A defendant may waive his Sixth Amendment right to counsel. A waiver is an intentional and voluntary relinquishment of a known right."); *State v. Brewer*, 328 S.C. 117, 119, 492 S.E.2d 97, 98 (1997) ("The right to proceed pro se must be clearly asserted by the defendant prior to trial."); *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000) (holding to effectively waive the right to counsel and proceed pro se, the defendant's assertion of his rights must be "(1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely" (citations omitted)); *Boykin*, 324 S.C. at 555, 478 S.E.2d at 690 ("The right of an accused to effective assistance of counsel, however, does not extend to the appointment of counsel of choice, or to special rapport or even a meaningful relationship with appointed counsel.").

Further, we hold Petitioner waived his right to counsel knowingly, intelligently, and with the full understanding of the dangers and disadvantages of self-representation. *See Brewer*, 328 S.C. at 119, 492 S.E.2d at 98 ("The trial [court] has the responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel."); *id.* ("The ultimate test of whether a defendant has made a knowing and intelligent waiver of the right to counsel is not the trial [court]'s advice, but the defendant's understanding."); *State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) ("Factors the courts have considered in determining if an accused had sufficient background to understand the disadvantages of self-representation include: (1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment."); *State v. McLauren*, 349 S.C. 488, 496, 563 S.E.2d 346, 350 (Ct. App. 2002) (holding when a "[defendant] was advised of his right to counsel, and even though the trial [court] did not make a specific inquiry addressing the disadvantages of self-representation, [defendant] had a sufficient background to make a valid waiver under the *Cash* factors").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.